

Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, NY 10036

**Lloyd McAulay**

(212) 790-9217 Tel
(212) 575-0671 Fax
lmc@cll.com

March 11, 2011

Honorable Dora L. Irizarry
United States District Court
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   Calico Cottage, Inc. v. TNB, Inc.
      Civ. N. CV11-0336 (DLI) (MDG)
      <u>MLG File No. 11808-00010</u>

Dear Judge Irizarry:

This is in response to Defendant's March 4, 2011 letter requesting a pre-motion conference relating to a motion for summary judgment.

The March 4th letter presents Defendant TNB's argument for summary judgment in substantial detail. The basis for TNB's arguments for summary judgment involve facts in dispute. More specifically:

1. The nature and scope of the consideration in support of the Agreement and its covenants is clearly in dispute.

2. What constitutes legitimate business interest is certainly in dispute.

3. The extent to which TNB learned of competitive information is also in dispute.

4. Whether the restrictive covenants are over broad is a function of the underlying facts which are in dispute.

5. Whether or not the restrictive covenants are ambiguous to the parties involved and in particular to TNB is a matter of fact which is in dispute.

The above five fact issues in dispute makes TNB's motion for summary judgment inappropriate at this point.

27857/002/1227840.1

Cowan, Liebowitz & Latman, P.C.
Honorable Dora L. Irizarry
March 10, 2011
Page 2

However, from the point of view of the Plaintiff Calico, Defendant TNB is raising fact issues that are irrelevant to the resolution of this case. But because they are fact issues, they undercut TNB's argument for summary judgment.

In brief, as a matter of law, two corporate parties have entered into a Non-Disclosure and Non-Compete Agreement for a limited time period of five years to enable the parties to initiate discussions leading to a possible merger. TNB, by entering the fudge business before the five year term is up is irreparably injuring Plaintiff Calico by interfering with Calico's present relationship with its customers, including the customer Cabela's. Calico recognizes that such a competitive interference with Calico's customers is legitimate competition after the agreed upon five year period has passed. The Agreement makes such activity illegitimate at this time.

Accordingly, Calico sees the reasonableness of Calico seeking to file a summary judgment motion and will determine the legitimacy of doing so after a decision is made on the motion for preliminary injunction.

Respectfully submitted,

Lloyd McAulay (LM 6839)

LMcA:ml

27857/002/1227840.1