## MINUTE ORDER
## Calico Cottage, Inc. v. TNB, Inc., 11-cv-336 (DLI)(MDG)

    This order summarizes rulings made on the record at a conference held on September 22, 2011 granting in large part [34] defendant's motion to amend its answer to asserts three counterclaims and two new affirmative defenses.

    Rule 15(a) provides for liberal amendment of pleadings and directs that leave to amend a pleading shall be "freely given when justice so requires." See Zenith Radio Corp. v. Hazeltine Reseach, Inc., 401 U.S. 321, 330 (1971). Thus, courts should ordinarily grant leave to amend, unless the moving party has proceeded in bad faith, there is undue prejudice to the other parties or the amendment would be futile. See Monahan v. N.Y. City Dep't of Corr., 214 F.3d 275, 283 (2d Cir. 2000) (leave to assert affirmative defense).

    Where, as here, a party moves to amend a pleading after the deadline for amendment in a scheduling order, the court must balance Rule 15(a)'s liberal amendment standard with Rule 16(b)(4)'s requirement that a scheduling order be modified only for "good cause." See Growchowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir. 2003); Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000). Good cause depends on the diligence of the moving party. Parker, 204 F.3d at 340. New information that is discovered at a time where the moving party could not have reasonably complied with the scheduling order constitutes good cause. See Estate of Ratcliffe v. Pradera Realty, 2007 WL 3084977, at *4 (S.D.N.Y. 2007).

    The Court finds good cause to permit amendment given the recent discovery that plaintiff had registered TNB-themed domain names and documents providing a further basis for defendants' proposed counterclaims and affirmative defenses. There is no evidence of defendant acting in bad faith or in a dilatory manner.

    Next, this Court finds that most of the counterclaims proposed are not futile. As to defendants' Third Counterclaim (which actually consists of several different claims), TNB asserts claims concerning the use of TNB-themed domain names, which this Court finds to have been sufficiently pled to state a "plausible claim for relief." See Aschroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). With respect to claims arising from plaintiff's alleged improper communication with its independent sales representatives, amendment is granted as to the implied covenant claim but denied as to the corresponding breach of contract claim. Defendant's allegations do not state a claim for breach of the terms of the contract at issue. However, while plaintiff may not have breached the express terms of the

Agreement, the conduct alleged may subvert the Agreement's purpose. See Pearce v. Manhattan Ensemble Theater, Inc., 528 F. Supp.2d 175, 180-81 (S.D.N.Y. 2007).

Defendant's First and Second Counterclaims brought under the Lanham Act concern the same conduct as the breach of contract claim discussed above, regarding use of TNB-themed domain names. Irrespective of plaintiff's claim that any recoverable damages would be de minimis, it would be an inefficient use of judicial resources to require defendant to bring a separate action to assert its Lanham Act claims. Moreover, plaintiff would not suffer any prejudice from conducting any additional discovery on the Lanham Act claims or other counterclaims. This Court has set a schedule for expedited discovery and extended fact discovery by less than three months to November 22, 2011 in this case which was commenced only nine months ago. Thus, defendants' motion to add those claims is also granted.

Finally, I do not find that adding defendant's Fifth and Sixth Affirmative Defenses would be futile. As to the Fifth Affirmative Defense, plaintiff cannot establish that defendant's earlier position on the motion for preliminary injunction is "clearly inconsistent" with its current position or that defendant was successful in persuading the Court to adopt the earlier position. See New Hampshire v. Maine, 532 U.S. 742, 750-51 (2001). In addition, defendant has pled sufficient facts to survive a motion to strike both affirmative defenses.

In sum, defendant's motion is granted except as to the breach of contract claim concerning independent sales representatives.

**SO ORDERED.**

Dated: Brooklyn, New York
September 23, 2011

                                            /s/
                                         MARILYN D. GO
                                         UNITED STATES MAGISTRATE JUDGE