UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CALICO COTTAGE, INC.,<br><br>      Plaintiff,<br><br>   v.<br><br>TNB, INC.<br><br>      Defendant. | Civil Action No: CV11-0336 (DLI)(MDG)<br><br>**ORAL ARGUMENT REQUESTED** |

**PLAINTIFF CALICO COTTAGE, INC.'S OBJECTIONS PURSUANT TO FED. R. CIV. P. 72(a) TO MAGISTRATE JUDGE'S ORDER ENTERED SEPTEMBER 23, 2011**

27857/002/1270807.1

**Table of Contents**

Page

SUMMARY OF ARGUMENT ...........................................................................................................1

INTRODUCTION ............................................................................................................................1

FACTUAL BACKGROUND ...........................................................................................................2

    1.     The Parties ..........................................................................................................2

    2.     The Background To The Contract And The Complaint .........................................2

    3.     The Relevant Provisions of The Agreement ..........................................................3

    4.     Relevant Procedural Background And Status ........................................................4

    5.     TNB's Fifth And Sixth Affirmative Defenses As Allowed By The Order ..............6

    6.     Relevant Factual Record ......................................................................................6

ARGUMENT ...................................................................................................................................7

    A.     TNB Failed To Show Good Cause Under Rule 16(b) To Add Its Fifth Affirmative Defense ...............................................................................................7

    B.     The Standard For Pleading Defenses Requires Allegations Of Fact That Are Specific Enough To Support An Inference Of The Alleged Wrongdoing ..............................................................................................................8

    C.     Amendments Asserting Insufficient Defenses Are Not Permitted ..........................9

    D.     TNB's Factual Allegation As To Its Sale Of Fudge Fails To Support Waiver, Ratification, Estoppel Or Laches ...............................................................9

    E.     TNB's Defense Of Laches Is Insufficient Under Rule 12(f) .................................11

    F.     TNB's Defense Of Estoppel Is Insufficient Under Rule 12(f) ...............................12

    G.     TNB's Defenses Of Waiver And Ratification Are Insufficient Under Rule 12(f) .......................................................................................................................12

    H.     TNB's Proposed Sixth Affirmative Defense Is Insufficient Under Rule 12(f) .......................................................................................................................13

CONCLUSION ..............................................................................................................................14

## Table of Authorities

Page(s)

**CASES**

*Ashcroft v. Iqbal*,
   129 S. Ct. 1937 (2009) ................................................................................................ 8, 10, 13

*Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*,
   531 F. Supp. 2d 620 (S.D.N.Y. 2008) ............................................................................... 8

*Bailey v. Chernoff,*
   45 A.D.3d 1113 N.Y. S.2d 462 (App. Div. 2007) ............................................................ 11

*Banus v. Citigroup Global Mkts., Inc.,*
   2010 WL 1643780 (S.D.N.Y. 2010) ................................................................................. 13

*Bell Atl. Corp.v. Twombly,*
   550 U.S. 544 (2007) ...................................................................................................... 8, 10

*Burck v. Mars, Inc.,*
   571 F. Supp. 2d 446 (S.D.N.Y. 2008) ................................................................................ 8

*Cohen v. Treuhold Capital Group, LLC,*
   422 B.R. 350 (E.D.N.Y.2010) ..................................................................................... 11, 12

*DGM Invs., Inc. v. N.Y. Futures Exch., Inc.*,
   2004 WL 635743, (S.D.N.Y. 2004) ................................................................................... 9

*First Union Nat'l Bank v. Tecklenburg,*
   2 A.D.3d 575 N.Y.S.2d 573 (App. Div. 2003) ................................................................. 12

*FDIC v. Eckert Seamans Cherin & Mellott*,
   754 F. Supp. 22 (E.D.N.Y. 1990) ....................................................................................... 9

*Grochowski v. Phoenix Constr.,*
   318 F.3d 80 (2d Cir. 2003) ................................................................................................. 7

*Haberman v. Haberman,*
   216 A.D.2d 525 N.Y.S.2d 65 (App. Div. 1995) ............................................................... 11

*Harriman v. United States,*
   2004 WL 1303135 (E.D.N.Y. 2004) .................................................................................. 7

*Health-Chem Corp. v. Baker*,
   915 F.2d 805 (2d Cir. 1990) ............................................................................................... 9

*Kuhn v. Town of Johnstown,*
   248 A.D.2d 828 N.Y.S.2d 757 (App.Div. 1998) ....................................................................11

*Laguardia Assocs. v. Holiday Hospitality Franchising, Inc.*,
   92 F. Supp. 2d 119 (E.D.N.Y. 2000) ....................................................................................12

*Moreschi v. DiPasquale,*
   58 A.D.3d 545 N.Y.S.2d 108 (App. Div. 2009) ....................................................................11

*Nat'l Acceptance Co. of Am. V. Regal Prods., Inc.,*
   155 F.R.D. 631 (E.D. Wis. 1994) ..........................................................................................8

*Parker v. Columbia Pictures Indus.,*
   204 F. 3d 326 (2d cir. 2000) .................................................................................................7

*Prisco v. New York*,
   804 F. Supp. 518 (S.D.N.Y. 1992) ......................................................................................12

*Shechter v. Comptroller of New York*,
   79 F.3d 265 (2d Cir. 1996)....................................................................................................8

*Specialty Minerals, Inc. v. Pluess-Staufer AG*,
   395 F. Supp. 2d 109 (S.D.N.Y. 2005)...................................................................................9

*Tracy v. NVR, Inc.,*
   2009 WL 3153150 (W.D.N.Y. 2009) ....................................................................................8

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8..........................................................................................................................8, 10

Fed. R. Civ. P. 11(b)(3)....................................................................................................................11

Fed. R. Civ. P. 12(b)(6).....................................................................................................................8

Fed. R. Civ. P. 12(f) .................................................................................................................. passim

Fed. R. Civ. P. Rule 16(b)..................................................................................................................7

Pursuant to Fed. R. Civ. P. 72(a) Plaintiff , Calico Cottage, Inc., respectfully objects to the Minute Order entered by the Magistrate Judge on September 23, 2011, for the reasons set forth below.

## SUMMARY OF ARGUMENT

Plaintiff requests that the Court deny Defendant leave to add its newly asserted defenses of "waiver, ratification, estoppel and laches" set forth in its fifth affirmative defense and also deny leave to add the newly asserted defense of breach of contract set forth in Defendant's sixth affirmative defense. Plaintiff contends that these defenses are insufficient based on (a) lack of good cause, (b) lack of supporting factual allegations, (c) pleading only conclusions of law, and thus create unnecessary delay and expense because of the difficulty of investigating and responding to such vague, conclusory assertions.

## INTRODUCTION

By Minute Order dated September 23, 2011, ("the Order") the Magistrate Judge granted leave to Defendant to amend its Answer to assert additional defenses and counterclaims. Plaintiff objects to the Order under Fed. R. Civ. P. 72 (a) to the extent that it granted Defendant leave to plead the additional affirmative defenses of waiver, ratification, estoppel, laches and breach of contract in conclusory fashion without specific allegations of fact from which the necessary elements of these defenses could be inferred. Defendant's insufficient pleading of these defenses fails to comply with notice pleading standards under Fed. R. Civ. P. 8 and unnecessarily adds to the time and expense of litigation. Accordingly, these defenses as pleaded would be subject to a motion to strike for insufficiency under Rule 12(f) and should not be permitted.

## FACTUAL BACKGROUND

1.     **The Parties**

Calico is a New York corporation with its principal place of business in Amityville, New York. Calico is in the business of supplying fudge products to retailers, including both large retail chains and smaller retailer stores throughout the United States. Calico supplies equipment and pre-measured ingredients for making fudge (fudge mix), as well as finished fudge products. Calico also supplies fudge mixes that retailers sell to consumers who wish to make their own fudge at home. Calico is not in the business of selling fudge to consumers. Calico's customers typically use Calico's product to make or sell fudge products under the customer's own name in their own stores. A large part of Calico's business is the supply of fudge mix[1] that enables retailers to make fresh homemade-style fudge in their stores.

TNB is a Florida corporation with its principal place of business in Sanford, Florida and does business under the name "The Nutty Bavarian." TNB is in the glazed nuts business. It sells glazed nuts, nut roasting and glazing equipment and ingredients for preparing glazed nuts to retailers throughout the United States.  TNB recently entered the fudge products business in competition with Calico.

2.     **The Background To The Contract And The Complaint**

This is an action for breach of contract based on TNB's violation of non-competition and non-solicitation provisions in a 2007 contract between the parties. These provisions were to be effective for a five-year period ending on January 30, 2012.

---

[1] Calico's fudge mix is generally supplied in cases of six packages which contain pre-mixed and measured ingredients for making fudge.

In late 2006 Calico and TNB became interested in combining their businesses because of the potential synergy between Calico's fudge products and TNB's nut products. A mutual disclosure of confidential and sensitive business information, including market, sales and profitability data, was essential for the effectiveness of the negotiations. Thus Calico and TNB entered into a contract entitled "Agreement of Non-Disclosure, Non-Use and Non-Competition" (hereinafter "the Agreement") effective January 30, 2007, a copy of which is attached as Exhibit A. The Agreement includes non-competition and non-solicitation provisions providing for a "stand-still" arrangement where neither party could expand into the other's business, as that business is defined in the Agreement, for five years after the January 30, 2007 date of the Agreement. For that five year period, the Agreement also prohibited any attempt to reduce the other party's current business with its customers.

The merger did not take place. But beginning early this year (2011) TNB entered Calico's fudge business and solicited Calico's customers before the expiration of the five-year term in violation of the non-competition and non-solicitation provisions of the Agreement. Calico sued to enforce the non-competition and non-solicitation provisions of the Agreement. In its original Answer, dated February 25, 2011, TNB asserted as affirmative defenses that the Agreement is unenforceable for lack of consideration, that the non-competition and non-solicitation provisions are unenforceable and that Calico has failed to mitigate its damages.

**3.     The Relevant Provisions of The Agreement**

The term of the provisions at issue is five years. The provisions expires on January 30, 2012. (See Exh. A, Agreement ¶¶ 5 and 10). The business of each party is defined in the first page of the Agreement, in the first "Whereas" clause, as follows. Calico's business is defined as "the business of providing to retailers: (i) fudge making equipment, fudge making ingredients

and finished fudge that enables retailers to sell fudge to consumers and (ii) make-at-home mixes that are sold by retailers to consumers." TNB's business is defined as "the business of providing to retailers: (i) nut roasting and glazing equipment and ingredients for roasting and glazing nuts that enables retailers to sell roasted and glazed nuts to consumers, and (ii) glazed nuts in bulk and prepackaged glazed nuts that are sold by retailers to consumers." It is crucial to note that both of these business definitions relate to sales to retailers, i.e. the wholesale fudge business and the wholesale nut business. It is the retailers who then sell to consumers. These definitions do not cover direct sales by either party to consumers, i.e. the retail fudge business or the retail nut business.

**Paragraph 4** of the Agreement entitled "Non-Competition" provides that "each party agrees to refrain from entering into the business of the other party." **Paragraph 3** of the Agreement, entitled "Non-Solicitation" provides that during the term of the Agreement the parties shall not, directly or indirectly "attempt to reduce or eliminate the current business relationship of the other party with any of the other party's customers." See Exhibit A, Agreement ¶ 3(a)(ii).

4.      **Relevant Procedural Background And Status**

Following the Initial Conference Hearing held on April 4, 2011, the Court entered a scheduling order providing that any party seeking leave to amend and/or join other parties must "file an application by 5/2/11" and that "fact discovery must be completed by 6/30/11." Following a hearing on June 21, 2011 on Calico's First Motion To Compel Discovery the Court entered an order providing that "fact discovery is extended to 8/26/11."

On September 7, 2011 TNB filed a motion for leave to amend its Answer and re-open fact discovery. A copy of TNB's proposed "Amended Answer With Counterclaims" filed with

its motion is attached as Exhibit B. In its motion TNB sought leave to add a fifth affirmative defense alleging that Calico's claims are barred by "waiver, ratification, estoppel, laches and unclean hands". TNB also sought leave to add a sixth affirmative defense alleging that Calico breached the contract and cannot enforce it. In addition, TNB sought leave to add two counterclaims for breach of contract (pleaded under a single heading "Third Counterclaim") and two counterclaims for violation of the Lanham Act, 15 USC § 1125. The Order permitted TNB to file an Amended Answer that includes its proposed fifth and sixth affirmative defenses, one of its proposed counterclaims for breach of contract, a counterclaim for violation of an implied covenant and two counterclaims under the Lanham Act. Calico now objects to the Order to the extent that it permitted TNB to add its proposed fifth and sixth affirmative defenses.

On September 26, 2011 TNB filed an "Amended Answer with Counterclaims" which contains substantial additions to and rewording of the proposed Amended Answer (Exhibit B) that it filed with its motion for leave to amend. However, TNB's fifth and sixth affirmative defenses set forth in its Amended Answer filed on September 26, 2011 do not differ significantly from TNB's fifth and sixth affirmative defenses as pleaded in its proposed Amended Answer filed with its motion for leave to amend (Exhibit B). The principal difference is that TNB's fifth affirmative defense in its proposed Amended Answer (Exhibit B) included an allegation of "unclean hands" and this allegation is not included in TNB's fifth affirmative defense in its Amended Answer as filed on September 26, 2011. Accordingly, in this Rule 72 objection Calico does not address the inadequacy of TNB's "unclean hands" pleading since TNB is no longer asserting this defense.

Following the hearing on Defendant's Motion For Leave To Amend Its Answer And Reopen Fact Discovery the Court extended fact discovery to November 22, 2011.

5.  **TNB's Fifth And Sixth Affirmative Defenses As Allowed By The Order**

For its fifth affirmative defense as set forth its proposed Amended Answer (Exhibit B) TNB alleged as follows:

<u>AS AND FOR A FIFTH AFFIRMATIVE DEFENSE</u>

26. Plaintiff had actual knowledge that TNB sold fudge before the parties signed the Agreement.

27. After the parties terminated their relationship and failed to move forward with their proposed merger, TNB informed Plaintiff that TNB planned on continuing to sell fudge, as it had before signing the Agreement.

28. Despite this knowledge, Plaintiff failed to raise any objection to TNB's planned continuance of its fudge business operations.

29. Plaintiff's claims are, accordingly, barred by the doctrines of waiver, ratification, estoppel, laches and unclean hands." [2]

For its sixth affirmative defense as set forth its proposed "Amended Answer with Counterclaims" (Exhibit B) TNB alleged as follows:

<u>AS AND FOR A SIXTH AFFIRMATIVE DEFENSE</u>

30. Plaintiff breached the Contract and cannot enforce the Contract against TNB.

In the Order the Magistrate Judge ruled that "defendant has pled sufficient facts to survive a motion to strike both affirmative defenses." (*See* Order, page 2, second to last paragraph).

6.  **Relevant Factual Record**

In an affidavit dated February 21, 2011 filed in support of TNB's opposition to Calico's application for a preliminary injunction, TNB's President, David Brent, stated as follows: "TNB has not sold so much as an ounce of fudge to anyone." See Exhibit C, Brent Affidavit ¶ 8.

---

[2] "Unclean hands" is no longer asserted in TNB's "Amended Answer With Counterclaims" as filed on September 26, 2011.

In the Order the Magistrate Judge ruled that this statement by Mr. Brent was "not clearly inconsistent" with TNB's allegations in its fifth affirmative defense. (*See* Order, page 2, second to last paragraph).

## ARGUMENT

### A. TNB Failed To Show Good Cause Under Rule 16(b) To Add Its Fifth Affirmative Defense

Where, as here, a motion to amend a pleading is made after the time set forth in a court's scheduling order, a court may not disregard the scheduling order but must consider the motion under Rule 16(b)'s more stringent "good cause" standard. *Harriman v. United States,* 2004 WL 1303135 (E.D.N.Y. 2004) (denying motion to amend after close of discovery for lack of good cause), citing *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) and *Grochowski v. Phoenix Constr.,* 318 F.3d 80 (2d Cir. 2003). The date for amending pleadings set forth in the Court's scheduling order was May 2, 2011. That date had long since passed. Accordingly, TNB's motion for leave to assert additional affirmative defenses could only be granted upon a showing of good cause.

TNB's fifth affirmative defense, set forth above, asserts the defenses of waiver, ratification, estoppel, and laches based on allegations that TNB sold fudge before the Agreement was signed and informed Calico that it planned to continue to sell fudge after the Agreement was signed. By definition, these facts, if true, were known to TNB from the outset. TNB failed to establish any good cause why it could not have pleaded its fifth affirmative defense by the May 2, 2011 deadline in the Court's Scheduling Order. For this reason alone, its fifth affirmative defense should not be allowed.

### B. The Standard For Pleading Defenses Requires Allegations Of Fact That Are Specific Enough To Support An Inference Of The Alleged Wrongdoing

In recent years the Supreme Court elucidated the standard for notice pleading under Rule 8, holding that a pleading setting forth a claim for relief must "contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp.v. Twombly,* 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Where facts that are "merely consistent with" liability are pleaded, the pleading "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.,* citing *Twombly*, 550 U.S. at 557. In other words, notice pleading requires specific factual allegations that unambiguously support the asserted claim; general allegations that might *possibly* support the asserted claim are not sufficient.

Most courts that have considered the question of the pleading standard applicable to affirmative defenses have held that the Rule 12(b)(6) standard, as clarified in *Twombly* and *Iqbal*, applies to the pleading of affirmative defenses. See, e.g., *Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*, 531 F. Supp. 2d 620, 622-23 (S.D.N.Y. 2008) (recognizing that the same standard applies to a motion to dismiss under Rule 12(b)(6) and a motion to strike an affirmative defense under Rule 12(f)). *See also Tracy v. NVR, Inc.,* 2009 WL 3153150, *7 (W.D.N.Y. 2009) and *Burck v. Mars, Inc.,* 571 F. Supp. 2d 446, 456 (S.D.N.Y. 2008).

The Second Circuit has long held that "[a]ffirmative defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy." *Shechter v. Comptroller of New York*, 79 F.3d 265, 270 (2d Cir. 1996) (*quoting Nat'l Acceptance Co. of Am. v. Regal Prods., Inc.*, 155 F.R.D. 631, 634 (E.D. Wis. 1994) ("affirmative

8

defenses are pleadings, and therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure").

### C. Amendments Asserting Insufficient Defenses Are Not Permitted

Leave to amend should be denied when the proposed amendment is futile. *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990) ("Where, as here, there is no merit in the proposed amendments, leave to amend should be denied."). Amendments to affirmative defenses are futile if they would not survive a motion to strike under Fed. R. Civ. P. 12(f) which permits a court to "strike from a pleading an insufficient defense." A motion to strike should be granted where (1) there is "no question of fact that might allow the defense to succeed," (2) there is "no substantial question of law that might allow the defense to succeed," and (3) the plaintiff will "be prejudiced by the inclusion of the defense." *Specialty Minerals, Inc. v. Pluess-Staufer AG*, 395 F. Supp. 2d 109, 111-12 (S.D.N.Y. 2005) (granting motion to strike insufficient affirmative defense). *See also DGM Invs., Inc. v. N.Y. Futures Exch., Inc.*, 2004 WL 635743, (S.D.N.Y. 2004) (granting motion to strike deficient affirmative defenses).

Increased time and expense of trial constitute sufficient prejudice to warrant granting a Rule 12(f) motion. *Specialty Minerals* 395 F. Supp. 2d at 114; *FDIC v. Eckert Seamans Cherin & Mellott*, 754 F. Supp. 22, 23 (E.D.N.Y. 1990) ("Where the defense is insufficient as a matter of law, the defense should be stricken to eliminate the delay and unnecessary expense from litigating the invalid claim.")

### D. TNB's Factual Allegation As To Its Sale Of Fudge Fails To Support Waiver, Ratification, Estoppel Or Laches

All of the defenses asserted by TNB in its fifth affirmative defense are based on TNB's allegation that "TNB sold fudge before the parties signed the Agreement" and told Calico that it planned to continue to do so after it signed the Agreement. See Exhibit B, TNB's proposed

9

Amended Answer , ¶¶ 26-27. These factual allegations alone cannot support any kind of defense based on any alleged waiver of rights, delay or failure to enforce the Agreement by Calico. The Agreement does not prevent TNB from selling fudge *per se*. Under the Agreement TNB was obliged only to stay out of a defined segment of the fudge business for the five year term. That segment of the fudge business was specifically defined in the Agreement to include only <u>wholesale</u> fudge products, not retail fudge products. See Exhibit A, Agreement first "Whereas" clause.

In other words, TNB was obliged to stay out of Calico's business of supplying wholesale fudge products to retailers. The Agreement did not prevent TNB from selling fudge at retail, a business in which Calico does not compete.  Assuming that TNB was in the business of selling fudge at retail (i.e. selling fudge to consumers) before it signed the Agreement, TNB was free to continue to sell fudge at retail after the Agreement was signed and Calico had no basis for objecting.   In order to plead an affirmative defense based on any failure by Calico to object to TNB's sales of fudge, or based on any prejudicial delay by Calico in suing TNB for breach of the Agreement, TNB must allege, *inter alia*, that Calico knew that TNB was selling fudge products to retailers in competition with Calico significantly earlier than the date of the Complaint. TNB's fifth affirmative defense is devoid of any such allegation.

Even if TNB's allegation that it sold fudge before the Agreement was signed and planned to continue to sell it after the Agreement was signed could *conceivably* support its laches, estoppel, waiver and ratification defenses, that is not enough for notice pleading under Rule 8. See *Iqbal*, 129 S. Ct. at 1950-51 ("we conclude that respondent's complaint has not nudged his claims . . . 'across the line from conceivable to plausible'") (quoting *Twombly*, 550 U.S. at 570).

10

Moreover, the reason that TNB has failed to plead the specific allegation that Calico knew that TNB was selling wholesale fudge products in competition with Calico significantly earlier than the date of the Complaint is that TNB cannot make such an allegation in view of its attorneys' obligations under Fed. R. Civ. P. 11(b)(3) to ensure that TNB's factual allegations have evidentiary support. On information and belief, to the extent, if any, that TNB ever sold any fudge before the date of the Agreement, that product was fudge sold at retail, i.e., directly to consumers, and was not the wholesale fudge product covered by the Agreement.

### E. TNB's Defense Of Laches Is Insufficient Under Rule 12(f)

The defense of laches requires a showing of "undue delay" by a party in asserting its rights and prejudice to the opposing party as a result of such delay. *Cohen v. Treuhold Capital Group, LLC* (In re Cohen), 422 B.R. 350, 382 (E.D.N.Y. 2010), citing *Moreschi v. DiPasquale*, 58 A.D.3d 545, 872 N.Y.S.2d 108, 109 (App. Div. 2009). The burden is on the party claiming the defense of laches to demonstrate the following elements: "(1) conduct by an offending party giving rise to the situation complained of; (2) delay by the complainant in asserting his or her claim for relief despite the opportunity to do so; (3) lack of knowledge or notice on the part of the offending party that the complainant would assert his or her claim for relief; and (4) injury or prejudice to the offending party in the event that relief is accorded the complainant." *Id*., citing *Bailey v. Chernoff*, 45 A.D.3d 1113, 846 N.Y.S.2d 462, 465 (App. Div. 2007) (quoting *Kuhn v. Town of Johnstown,* 248 A.D.2d 828, 669 N.Y.S.2d 757, 759 (App. Div. 1998)). "Mere inaction or delay in bringing a proceeding, without a showing of prejudice, does not constitute laches." *Id,* citing *Haberman v. Haberman*, 216 A.D.2d 525, 629 N.Y.S.2d 65, 67 (App. Div. 1995).

In order to plead the elements of laches, TNB has to allege that (1) TNB breached a term of the Agreement significantly earlier than the date of the Complaint, (2) Calico failed to seek

relief in response to this breach, (3) TNB lacked knowledge or notice that Calico would assert a claim for relief, and (4) TNB has been injured or prejudiced by Calico's claim for relief. TNB fails to allege any of these essential elements of laches.[3] Accordingly, TNB's laches defense is insufficient under Rule 12(f).

### F. TNB's Defense Of Estoppel Is Insufficient Under Rule 12(f)

To plead equitable estoppel, the asserting party must allege that: (1) it lacked knowledge of the true facts; (2) it relied upon the conduct of the party to be estopped; and (3) it prejudicially changed its position in reliance thereon. See *Cohen v. Treuhold Capital Group, LLC,* 422 B.R. at 382, citing *First Union Nat'l Bank v. Tecklenburg*, 2 A.D.3d 575, 769 N.Y.S.2d 573, 575 (App. Div. 2003). TNB fails to allege that (1) it lacked knowledge of the true facts, (2) that it relied on the conduct of Calico, and (3) that it prejudicially changed its position in reliance on Calico's conduct. Accordingly, TNB's estoppel defense is insufficient under Rule 12(f).

### G. TNB's Defenses Of Waiver And Ratification Are Insufficient Under Rule 12(f)

Waiver is the voluntary abandonment of a known right which, but for the waiver, would have been enforceable. *Laguardia Assocs. v. Holiday Hospitality Franchising, Inc*., 92 F. Supp. 2d 119, 129 (E.D.N.Y. 2000). TNB fails to allege (1) a known right by Calico to sue for breach of the Agreement earlier than the date of the Complaint, and (2) the voluntary abandonment of such right by Calico. Ratification is the express or implied approval of the unauthorized acts of another. *See Prisco v. New York*, 804 F. Supp. 518, 523 (S.D.N.Y. 1992). TNB fails to allege (1) a breach of the Agreement by TNB, and (2) approval of the breach by Calico.

Accordingly, TNB's waiver and ratification defenses are insufficient under Rule 12(f).

---

[3] TNB is precluded from alleging that Calico could have sued TNB earlier for selling fudge in breach of the Agreement in view of Mr. Brent's February 2011 sworn statement that "TNB has not sold so much as an ounce of fudge to anyone." See Exhibit C, Brent Affidavit ¶ 8.

12

### H. TNB's Proposed Sixth Affirmative Defense Is Insufficient Under Rule 12(f)

The sole allegation of TNB's sixth affirmative defense is that "Plaintiff breached the contract and cannot enforce the Contract against TNB." (See, Exhibit B, TNB's Amended Answer, ¶ 30). TNB merely alleges a conclusion of law, without reference to or incorporation of any supporting factual allegations. A naked assertion of a legal defense to contract enforcement without any factual enhancement is not entitled to the assumption of truth and fails to state a plausible claim for relief. *Banus v. Citigroup Global Mkts., Inc.,* 2010 WL 1643780, (S.D.N.Y. 2010), citing *Iqbal,* 129 S.Ct. at 1949.

Whether any alleged breach of the Agreement by Calico could operate to prevent enforcement of the Agreement by Calico depends on the nature and timing of the alleged breach. TNB is required to plead sufficient details of the alleged breach of contract by Calico from which this defense can be inferred. In its proposed Amended Answer (Exhibit B) TNB alleged two breaches of the Agreement by Calico as its Third Counterclaim. The Magistrate Judge gave TNB leave to assert one of these alleged breaches, along with an alleged breach of an implied covenant, as counterclaims. One could guess that TNB has one of these alleged breaches in mind as the basis for its sixth affirmative defense. But notice pleading means that Calico is not required to guess exactly what alleged breaches of the Agreement by Calico TNB is asserting as the basis for its sixth affirmative defense.

Accordingly, TNB's sixth affirmative defense is insufficient under Rule 12(f).

## **CONCLUSION**

For the above stated reasons, the Magistrate Judge's Order granting TNB leave to include its fifth and sixth affirmative defenses in its Amended Answer should be vacated and such leave should be denied.

| | |
|---|---|
| Dated:  October 10, 2011 | Respectfully submitted |
| | COWAN, LIEBOWITZ & LATMAN, P.C. |
| | By: /s/ Catriona M. Collins<br>Lloyd McAulay (LM6839), lmc@cll.com<br>Catriona M. Collins (CC9740), cmc@cll.com<br>1133 Avenue of the Americas<br>New York, New York 10036-6799<br>(212) 790-9200<br>Attorneys for Plaintiff |