Civil Action No: CV11-0336 (DLI)(MDG)

**PLAINTIFF CALICO COTTAGE, INC.'S OBJECTIONS PURSUANT TO FED. R. CIV. P. 72(a) TO MAGISTRATE JUDGE'S ORDER ENTERED SEPTEMBER 23, 2011**

# Exhibit B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CALICO COTTAGE, INC.,                    Civ. No. CV11-0336 (DLI)(MDG)

                   Plaintiff,
                                       **AMENDED ANSWER**
      -against-                      **WITH COUNTERCLAIMS**

TNB, INC.

                   Defendant.
-----------------------------------------------------------X

Defendant TNB, INC. ("TNB") by and through its attorneys, MELZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP, for its Amended Answer With Counterclaims to the Summons and Complaint ("Complaint") of Plaintiff CALICO COTTAGE, INC., ("Plaintiff"), alleges as follows:

1. TNB denies the allegations set forth in paragraph 1 of the Complaint.

2. TNB denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint.

3. TNB admits the allegations set forth in paragraph 3 of the Complaint.

4. TNB denies the allegations set forth in paragraph 4 of the Complaint.

5. TNB admits the allegations set forth in paragraphs 5-8 of the Complaint.

6. TNB denies the allegations set forth in paragraph 9 of the Complaint except admits that Plaintiff and TNB discussed a potential merger of their businesses that ultimately did not come to fruition and that Plaintiff and TNB had customers in common.

7. TNB denies the allegations set forth in paragraph 10 of the Complaint except admits that, in January 2007, Plaintiff and TNB had certain preliminary discussions regarding a potential merger of their businesses that ultimately did not come to fruition.

8. TNB denies the allegations set forth in paragraph 11 of the Complaint except admits that Plaintiff and TNB signed a document entitled "Agreement of Non-Disclosure, Non-Use and Non-Competition" (the "Agreement").

9. TNB denies the allegations set forth in paragraph 12 of the Complaint.

10. TNB denies the allegations set forth in paragraph 13 of the Complaint except admits that Plaintiff produced certain pro forma documents to TNB that set forth Plaintiff's projected profitability over a three year period.

11. TNB denies the allegations set forth in paragraph 14 of the Complaint except admits that TNB did not agree to the proposed merger of its business with that of Plaintiff.

12. TNB denies the allegations set forth in paragraphs 15-17 of the Complaint and respectfully refers the Court to the Contract for a complete and accurate recitation of its terms.

13. TNB denies the allegations set forth in paragraphs 18 of the Complaint.

14. TNB denies the allegations set forth in paragraph 19 of the Complaint and respectfully refers the Court to the Contract for a complete and accurate recitation of its terms.

15. TNB denies the allegations set forth in paragraphs 20-22 of the Complaint.

16. TNB denies the allegations set forth in paragraph 23 of the Complaint and respectfully refers the Court to the Contract for a complete and accurate recitation of its terms.

17. With respect to paragraph 24 of the Complaint, TNB repeats and realleges each and every answer to paragraphs 1 through 23 of the Complaint as if fully set forth herein.

18. TNB denies the allegations set forth in paragraphs 25 and 26 of the Complaint.

19. With respect to paragraph 27 of the Complaint, TNB repeats and realleges each and every answer to paragraphs 1 through 26 of the Complaint as if fully set forth herein.

20. TNB denies the allegations set forth in paragraph 28 of the Complaint.

21. TNB states that the allegations set forth in paragraph 29 of the Complaint are not directed at TNB and, consequently, no response is required.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

22. The Contract is unenforceable against TNB due to a lack of consideration.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

23. The non-competition and non-solicitation provisions of the Contract are unenforceable against TNB and Plaintiff, accordingly, is not entitled to a preliminary or permanent injunction.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

24. Plaintiff is not entitled to attorney's fees.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

25. Upon information and belief, Plaintiff's Complaint is barred, in whole or in part, by Plaintiff's failure to mitigate its alleged damages.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

26. Plaintiff had actual knowledge that TNB sold fudge before the parties signed the Agreement.

27. After the parties terminated their relationship and failed to move forward with their proposed merger, TNB informed Plaintiff that TNB planned on continuing to sell fudge, as it had done before signing the Agreement.

28. Despite this knowledge, Plaintiff failed to raise any objection to TNB's planned continuance of its fudge business operations.

29. Plaintiff's claims are, accordingly, barred by the doctrines of waiver, ratification, estoppel, laches and unclean hands.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

30. Plaintiff breached the Contract and cannot enforce the Contract against TNB.

### AS AND FOR DEFENDANT TNB INC.'S FIRST COUNTERCLAIM

31. TNB repeats, reiterates and realleges each and every allegation set forth in paragraphs numbered 1 through 30 above with the same force and effect as if more fully set forth herein.

32. In an attempt to solicit and steal customers or potential customers of TNB, Plaintiff registered, in its own name, several domain names containing the words "nuttybavarian" or "nuttyb".

33. Plaintiff then took affirmative steps to ensure that customers or potential customers of TNB visiting the aforementioned TNB-related websites would be redirected to Plaintiff's website.

34. Specifically, internet users attempting to visit the following TNB-related websites are automatically redirected to Plaintiff's website, http://www.calicocottage.com/Home:

    (a) www.nuttybavarian.us

    (b) www.nuttybavarianfudge.com

    (c) www.nuttybavarianfudge.net

    (d) www.nuttybfudge.com

    (e) www.nuttybfudge.net

35. The aforementioned websites and Plaintiff's acts in connection therewith constitute devices likely to cause confusion as to the association of TNB with Plaintiff and/or false or misleading factual representations concerning the nature, characteristics or qualities of TNB's services, as TNB's services have nothing to do with Plaintiff or the services that Plaintiff provides.

36. Plaintiff used the deceitful devices and/or false or misleading representations "in commerce", or in connection with the sale of goods and services, as internet users seeking the goods and services of TNB are redirected to a website setting forth the goods and services of Plaintiff and both TNB and Plaintiff use their websites in commerce.

37. Plaintiff employed the deceitful devices and/or made the false or misleading representations in the context of commercial advertising or promotion, as Plaintiff redirected internet users from TNB's website where TNB advertises its goods and services, to Plaintiff's website where Plaintiff advertises its goods and services.

38. TNB will be damaged by Plaintiff's deceitful devices and/or false and misleading representations, as TNB will lose business when customers or potential customers of TNB are redirected from TNB's website to Plaintiff's website.

39. Accordingly, Plaintiff is liable to TNB for a violation of 15 USCA § 1125 in an amount to be proven at trial, together with the costs and disbursements of this action.

### AS AND FOR DEFENDANT TNB INC.'S SECOND COUNTERCLAIM

40. TNB repeats, reiterates and realleges each and every allegation set forth in paragraphs numbered 1 through 39 above with the same force and effect as if more fully set forth herein.

41. At the time of Plaintiff's registration of www.nuttybavarian.us, www.nuttybavarianfudge.com, www.nuttybavarianfudge.net, www.nuttybfudge.com and www.nuttybfudge.net in Plaintiff's name, TNB had a distinctive mark in "The Nutty Bavarian" and "NuttyB" that TNB used in commerce.

42. The aforementioned domain names registered in the name of Plaintiff are identical or strikingly similar to TNB's distinctive mark and Plaintiff traffics in customers or potential customers of TNB through those domain names.

43. Plaintiff has a bad faith intent to profit from TNB's mark, as Plaintiff registered multiple TNB-related domain names in Plaintiff's name with the intent to steal and solicit TNB's customers or potential customers for its own financial gain by redirecting these customers to Plaintiff's website, which will also harm the goodwill associated with TNB's mark.

44. Accordingly, Plaintiff is liable to TNB for a violation of 15 USCA § 1125 in an amount to be proven at trial, together with the costs and disbursements of this action.

45. In addition, this Court should order Plaintiff to immediately transfer ownership of the aforementioned domain names and any other TNB-related domain names owned by Plaintiff to TNB.

### AS AND FOR DEFENDANT TNB INC.'S THIRD COUNTERCLAIM

46. TNB repeats, reiterates and realleges each and every allegation set forth in paragraphs numbered 1 through 45 above with the same force and effect as if more fully set forth herein.

47. The Agreement is enforceable against Plaintiff.

48. Paragraph 3 (a)(ii) of the Agreement states that Plaintiff shall not "[a]ttempt to reduce or eliminate the current business relationship" of TNB with any of TNB's customers.

49. Plaintiff attempted to reduce or eliminate TNB's relationship with its customers by registering the aforementioned TNB-related domain names in Plaintiff's name, which redirects customers of TNB to Plaintiff's website.

50. Plaintiff's registration of TNB-related domain names in Plaintiff's name and redirecting of TNB's customers to Plaintiff's website breached both Paragraph 3(a)(ii) of the Agreement and the implied duty of good faith and fair dealing implicit in every contract and owed by Plaintiff to TNB.

51. Paragraph 3 (b) of the Contract states that:

> For a period of one year from the effective date the parties shall not, directly or indirectly...[e]ngage the services or seek to engage the services of any representative of the other party without the express written consent of the other party...[a]ttempt to solicit or sell products and services to a

customer doing business with the other party by utilizing an employee of the other party.

52. On July 29, 2008, more than one year after the effective date of the Contract, Plaintiff, through its representative Robyn Taylor, sent an e-mail to all of its independent representatives.

53. The July 29, 2008 e-mail instructed Plaintiff's independent representatives that they could not represent TNB.

54. Pursuant to the Agreement, TNB could engage the services of Plaintiff's representatives after January 30, 2008, one year from the effective date of the Agreement.

55. Plaintiff's July 29, 2008 e-mail prohibiting its independent representatives from also representing TNB breached Section 3(b) of the Agreement and the implied duty of good faith and fair dealing implicit in every contract and owed by Plaintiff to TNB.

56. Plaintiff's breaches of the Agreement caused damages to TNB.

57. Accordingly, Plaintiff is liable to TNB for Plaintiff's breaches of the Agreement in an amount to be proven at trial, together with the costs and disbursements of this action.

WHEREFORE, Defendant TNB, INC. respectfully requests (i) an Order dismissing Plaintiff's Complaint in its entirety; (ii) a money judgment on its First, Second, and Third Counterclaims in an amount to be proven at trial, together with the costs and disbursements of this action; (iii) an order requiring Plaintiff to immediately transfer ownership of the above-referenced domain names and any other TNB-related domain names owned by Plaintiff to TNB; and (iv) such other and further relief that the Court may deem just and proper.

Dated: Mineola, New York
September 7, 2011

MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP

By: Douglas Levine, Esq. (dl-4920)
Thomas J. McGowan, Esq. (tm-2854)
*Attorneys for Defendant*
190 Willis Avenue
Mineola, New York 11501
(516) 747-0300

TO:  Lloyd McAulay, Esq.
Catriona M. Collins, Esq.
Cowan, Liebowitz & Letman, P.C.
*Attorneys for Plaintiff*
1133 Avenue of the Americas
New York, New York 10036
(212) 790-9200