Civil Action No: CV11-0336 (DLI)(MDG)

**PLAINTIFF CALICO COTTAGE, INC.'S OBJECTIONS PURSUANT TO FED. R. CIV. P. 72(a) TO MAGISTRATE JUDGE'S ORDER ENTERED SEPTEMBER 23, 2011**

# Exhibit C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
CALICO COTTAGE, INC.,

                Plaintiff,

Case No. 11-cv-0336-dli

    - against -

**AFFIDAVIT
IN OPPOSITION**

TNB, Inc.,

                Defendant.
----------------------------------------X

STATE OF COLORADO   )
                            ) ss.:
COUNTY OF DENVER    )

    David Brent, being duly sworn, deposes and says:

1.    I am the President of TNB, Inc., the defendant in the above-captioned frivolous lawsuit. I make the following statements upon personal knowledge in opposition to the even more frivolous motion filed by Calico Cottage, Inc. ("Calico") which seeks to restrain my company from competing with it.

2.    What Calico does not disclose to this Court is that, while I had some preliminary discussions with representatives of Calico concerning the possibility of its purchasing TNB <u>four years ago</u>, **Calico did not then or ever provide me with any confidential or proprietary information about Calico**. Hence, for example, Calico never provided me with its customer list, a list of its contacts in the industry, its recipes for its fudge products, its supplier list, nor any pricing information as to the fudge products it sells nor any of the information defined in the agreement as "Confidential Information" that Calico seeks to enforce herein. <u>See</u> the document annexed to Calico's motion papers at para. 1.

3. Calico nevertheless asks this Court to enforce an agreement that its attorneys drafted and which was presented to me to sign when I was not represented by counsel that, according to Calico, now precludes TNB from seeking to sell fudge or fudge supplies etc. for a period of five years from the date I signed it (i.e. January 2012) apparently anywhere in the world since there is no geographic limit to that agreement. See the document annexed to Calico's motion papers. The only reason why the agreement was signed by me was in **express** contemplation that, as part of our discussions about a possible sale of TNB to Calico, "the parties require disclosure of various confidential information, including information of a technical nature and or an accounting nature, to evaluate the possible purchase and the term thereof". See Id. at the fourth "Whereas" clause on page 1. In short, I expected to be provided with confidential information relating to Calico. Disclosure of such information was **never** provided by Calico to me or to anyone else on behalf of TNB.

4. While Calico makes conclusory allegations that it shared "Confidential Information" with TNB in the complaint drafted by its attorneys and in the declaration of its outside consultant, Ronald Beilin, **no** details whatsoever are provided as to the exact information shared and no documents are produced in support of Calico's motion to demonstrate to this Court that any information of what can be considered to be of a confidential nature was provided to TNB. Calico does not attach any such documents to its complaint or to its motion because, as I stated above, no confidential information was provided to TNB by Calico.

5. Indeed the only items mentioned in the declaration of Mr. Beilin are (i) a discussion of the profitability of TNB and (ii) projected sales numbers for Calico for 3 years were allegedly set forth on a spreadsheet. See Beilin Declaration. What Mr. Beilin does not disclose to this Court is that **no** breakdown as to how Calico calculated any of these numbers

were ever provided to TNB . Calico cannot makes such a claim because the only document I was shown was a simplistic statement of gross sales and projected net profits that did not contain any breakdown as to how Calico calculated those numbers.

6. I challenge Calico to explain to this Court how <u>any</u> of this information is confidential and how it could possibly be used by TNB to compete against it. The Court should also note that Calico does not claim that I was actually given a copy of any document containing any allegedly confidential financial information relating to Calico. Mr. Beilin instead only claims that I was "shown" a spreadsheet over four years ago. <u>See</u> Beilin Aff. at para. 9. I was not given any such document by Calico.

7. Calico is simply fabricating its claims in a desperate attempt to prevent TNB from competing with it. Calico apparently believes that it cannot compete with TNB in a fair manner should TNB get into the fudge market and is thus abusing the judicial system in an attempt to gain an unfair advantage over TNB at a time when a customer common to both companies, Cabela's, Inc, has expressed interest to both Calico and TNB in having one supplier provide both nut products and fudge products to it and has requested proposals from each company to do so.

8. While **TNB has not sold so much as an ounce of fudge to anyone**, Calico seeks to restrain it from doing anything relating to the sale of fudge. Calico does so in a bad faith attempt to prevent TNB from competing with it for business with Cabela. If TNB is not allowed to try to satisfy the expressed desire of its customer to have one supplier provide both nuts and fudge to it, TNB may very well lose the business it currently has with Cabela for its nut products.

9. The bad faith with which this action was commenced and with which Calico has moved for an injunction is perhaps best demonstrated by its request for attorneys' fees when

there is no provision in the agreement that Calico drafted and seeks to enforce herein for attorneys' fees. See Id.

**WHEREFORE**, it is respectfully requested that this Court deny the plaintiff's motion for an injunction and instead declare that the agreement at issue is unenforceable, together with such other and further relief as the Court deems just and proper.

_____<br>DAVID BRENT

Sworn to before me this 21st
day of February, 2011.

_____
Notary Public