UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CALICO COTTAGE, INC.,

            Plaintiff,

      v.

TNB, Inc.

            Defendant.

Civil Action No: CV11-0336 (DLI) (MDG)
ORAL ARGUMENT REQUESTED

**PLAINTIFF CALICO COTTAGE, INC.'S REPLY IN SUPPORT OF ITS OBJECTIONS PURSUANT TO FED. R. CIV. P. 72(a) TO MAGISTRATE JUDGE'S ORDER ENTERED SEPTEMBER 23, 2011**

Plaintiff Calico Cottage, Inc. ("Calico") replies as follows to the opposition of defendant TNB, Inc. ("TNB") to Calico's objections to the Magistrate Judge's Order entered September 23, 2011.

**ARGUMENT**

1. **Calico's Rule 72 Objection Is Directed Solely To The Adequacy Of TNB's Pleading Of Its New Affirmative Defenses**

Calico's objections are directed to the inadequacy of TNB's pleading of its amended affirmative defenses. TNB spends most of its opposition brief defending its counterclaims, but Calico is <u>not</u> raising an issue concerning the adequacy of TNB's pleading of its counterclaims. Calico objects only to TNB's inadequate pleading of waiver, ratification, estoppel and laches (TNB's fifth affirmative defense) and breach of contract as an affirmative defense (TNB's sixth affirmative defense).

Pleading of such affirmative defenses has to include sufficient facts to provide a basis for litigation, including discovery and trial. Otherwise the charged party is left to speculate as to how

1

to litigate what are essentially conclusions of law. Calico recognizes that the pleading need only point to the factual basis for the legal conclusion and that proof is left for trial. But sufficient factual basis for the defenses still has to be pleaded, and this is what is lacking.

Since the issues raised in Calico's Rule 72 objection are solely issues of pleading adequacy, Calico is not replying here to other issues raised by TNB in its opposition brief, including discovery issues, as they are a diversion from the issues raised in Calico's objection. Discovery issues, by either party, are to be brought to the Magistrate Judge. Calico's objection is directed to the pleading of TNB's new affirmative defenses and nothing else. Calico seeks to obtain a pleading of facts in support of TNB's new affirmative defenses that are sufficient to permit Calico to proceed efficiently with discovery and, where appropriate, dispositive motions and trial as to TNB's new affirmative defenses.

**2. At A Minimum, Notice Pleading Requires TNB To Plead The Elements Of Each Affirmative Defense**

While notice pleading does not have to be lengthy or overly detailed, it has to include sufficiently specific facts that, if proven at trial, would entitle the pleader to the relief sought. See Calico's opening brief at page 8. TNB discusses the elements of its various defenses at page 17 of its opposition brief, but fails to point out exactly where in its pleading it has alleged these elements. In fact, the requisite elements of these defenses are not included in TNB's pleading.

For example, TNB asserts that it has pleaded Calico's "known rights to object or otherwise assert its rights against TNB" but TNB's fifth affirmative defense fails to plead any sale or offer for sale of fudge products by TNB within the five-year term of the Agreement that Calico could have sued upon earlier than the date of the Complaint. TNB asserts that it has pleaded Calico's "undue delay in asserting its rights against TNB for any alleged breach of the

2

Agreement" after TNB told Calico about TNB's "planned fudge activities." But mere "planned fudge activities" by TNB do not give rise to any claim for breach of the Agreement. Again, TNB fails to allege any sales activity by TNB within the term of the Agreement that could have given Calico a cause of action for breach of contract earlier than 2011. TNB alleges in its opposition brief that "it would suffer prejudice" from Calico's alleged delay in suing it for breach of contract. But TNB does not include any such allegation of prejudice in its fifth affirmative defense as pleaded.

### 3. TNB's Pleading Of Its Sixth Affirmative Defense Cannot Be Rendered Adequate By Referring To TNB's Counterclaims

It will also facilitate discovery and avoid unnecessary motion practice if TNB is required to plead its sixth affirmative defense of breach of contract with a normal degree of specificity. TNB argues that Calico should refer to TNB's counterclaims for guidance as to what alleged breach of contract might provide the factual basis for TNB's sixth affirmative defense. However, since TNB pleads its sixth affirmative defense only as a conclusion of law without supporting factual allegations, it is unclear as to what alleged breach of contract TNB may assert at trial as the basis for its sixth affirmative defense. In fact, TNB's refusal to plead its sixth affirmative defense with any degree of specificity strongly suggests that it is planning to reserve some other breach of contract theory as the basis for its sixth affirmative defense at trial.

## **CONCLUSION**

For the above stated reasons, the Magistrate Judge's Order granting TNB leave to include its fifth and sixth affirmative defenses in its Amended Answer should be vacated and such leave should be denied.

Dated: October 31, 2011            Respectfully submitted

                                                       COWAN, LIEBOWITZ & LATMAN, P.C.

                                                       By: /s/ Catriona M. Collins
                                                       Lloyd McAulay (LM6839), lmc@cll.com
                                                       Catriona M. Collins (CC9740), cmc@cll.com
                                                       1133 Avenue of the Americas
                                                       New York, New York 10036-6799
                                                       (212) 790-9200
                                                       Attorneys for Plaintiff

27857/002/1274871.1