

Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, NY  10036

(212) 790-9200 Tel
(212) 575-0671 Fax
www.cll.com

**Catriona M. Collins**
(212) 790-9223
cmc@cll.com

November 11, 2011

**By ECF**

Hon. Marilyn D. Go
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  Calico Cottage, Inc. v. TNB, Inc.
    Case No.: 11-cv-0336
    Our Ref:  (27857-002)

Dear Judge Go:

We represent Plaintiff, Calico Cottage, Inc. ("Calico"), in this breach of contract dispute. We write to request an extension of fact discovery to December 30 and that the Court permit Calico to reschedule its depositions of TNB personnel in Florida, currently scheduled for next week, to a date after the resolution of issues relevant to the depositions. Calico seeks this relief to allow time for a determination on two issues that affect the depositions: (1) TNB's refusal to produce documents in response to Calico's recent document requests and (2) TNB's refusal to produce a witness to testify on topics 1, 2 and 3 of Calico's Rule 30(b)(6) Notice of Deposition.

In this litigation Calico alleges that Defendant, TNB, Inc., breached a 2007 Agreement between the parties by entering into the fudge products business, as defined in the Agreement, in competition with Calico before the expiration of the five-year non-competition and non-solicitation provisions of the 2007 Agreement.TNB filed an "Amended Answer With Counterclaims" on September 26, 2011 pursuant to a motion for leave to amend filed on September 7, 2011 that was granted by the Court. In its Amended Answer TNB asserted the following additional affirmative defenses: waiver, ratification, estoppel, laches and breach of contract. See TNB's Fifth and Sixth Affirmative defenses. TNB also asserted two counterclaims under the Lanham Act and a counterclaim for breach of a duty of good faith in connection with the Agreement.

**Cowan, Liebowitz & Latman, P.C.**
November 11, 2011
Page 2


Fact discovery in this case is currently scheduled to close on November 22. On October 24, 2011 we noticed depositions of TNB personnel near TNB's office in Florida for next week, November 16 – 18. The deposition scheduled for November 16 is a Rule 30(b)(6) deposition of TNB on seven listed topics pertaining to TNB's new affirmative defenses and counterclaims. TNB has refused to provide a witness to testify on topics 1, 2 and 3 of our Rule 30(b)(6) Notice (Exhibit A). These three topics are as follows:

1. Any sales by TNB of Fudge Products before January 2011, including the customers to whom such products were sold.

2. Any fudge/nut kiosks in shopping malls that TNB has opened, including the dates of operation of such kiosks, the type of customers who purchase products from such kiosks and the products sold at such kiosks.

3. Any sales by TNB of Fudge Products on the Home Shopping Network including the dates and amounts of such sales.

TNB asserts that these topics were covered at Calico's August 4, 2011 deposition of TNB. The general topic of sales of fudge products by TNB was covered at Calico's August 4 deposition in connection with Calico's claim for breach of contract. But, in so far as Calico understands the basis for TNB's laches and estoppel defenses, it is now TNB's position that it offered for sale fudge products earlier than 2011, within the five year-term of Agreement, via sales on the Home Shopping Network and in fudge/nut kiosks in shopping malls, and that Calico could have, but failed to, sue for breach of contract based on such sales. As of August 4, Calico had no notice that TNB planned to assert this theory as an affirmative defense. Accordingly, this specific topic was not covered in Calico's August 4 deposition. Now that TNB is apparently making this assertion as the basis for its laches and estoppel defenses, Calico needs to obtain details about such alleged earlier sales activities on HSN and in mall kiosks.

On October 13, 2011 Calico served its Second Set Of Document Requests (Exhibit B) seeking documents relevant to TNB's new affirmative defenses and counterclaims. On November 8, 2011 we received TNB's responses (Exhibit C) in which TNB refused to produce documents in response to eight of the requests (Requests Nos. 5, 6, 18, 19, 20, 21, 23 and 24) including, for example, documents sufficient to show the domain names used by TNB and documents sufficient to show the websites used by TNB, that are clearly relevant to TNB's counterclaims under the Lanham Act. To date, TNB has produced only ten pages in response to Calico's Second Set of Document Requests although TNB counsel has advised that "TNB will continue to produce responsive documents." Calico tried to schedule a Rule 37.3(a) conference with TNB counsel this week in an effort to obtain the remaining responsive documents before the upcoming Florida depositions, but TNB counsel advised that he was not available for a telephone conference until next week.

In a November 7, 2011 letter motion to the Court TNB has sought a protective order relating to Calico's depositions in Florida, requesting, inter alia, that the Court strike Calico's notices of

27857/002/1276920.1

**Cowan, Liebowitz & Latman, P.C.**
November 11, 2011
Page 3

deposition under Rule 26(c) or limit the depositions to a single day and/or order Calico to pay approximately $14,000 to TNB's counsel under Local Rule 30.1. Calico opposes this motion and will be filing its opposition letter on Monday, November 14, in accordance with Local Rule 37.3(c).

In view of **(a)** TNB's refusal to produce a witness to testify on all the topics listed in our Rule 30(b)(6) Notice of Deposition, **(b)** TNB's refusal to produce documents responsive to Calico's document requests pertinent to the depositions, and **(c)** TNB's pending motion for a protective order concerning the depositions, yesterday we sought the consent of TNB's counsel to an extension of fact discovery to December 30 and a postponement of the Florida depositions. Today TNB's counsel refused his consent.

Given the potential waste of time and money for both parties in proceeding with out-of-town depositions while three disputes relating to the depositions are pending, including the production of documents relating to the subject matter of the deposition testimony, we respectfully request that the Court enter the following extended discovery schedule and enter an order permitting the rescheduling of the Florida depositions to a date after the resolution of the pending disputes.

> "Fact discovery is extended to 12/30/11. Parties must serve expert reports by 1/20/2012 and rebuttal reports 2/20/2012. Expert depositions must be completed by 3/20/2012."

As soon as we have been able to conduct the required Rule 37.3(a) conference with TNB counsel, we will seek resolution of any remaining issues concerning TNB's refusal to produce documents and TNB's refusal to designate a Rule 30(b)(6) witness and will be ready to proceed with the depositions as expeditiously as possible thereafter.

Respectfully submitted,

/s/ Catriona M. Collins

cc  Doug Levine, Counsel for Defendant, via email to dlevine@meltzerlippe.com

27857/002/1276920.1