LAW OFFICES

# MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP

190 WILLIS AVENUE, MINEOLA, NY 11501

TELEPHONE: (516) 747-0300

FACSIMILE: (516) 747-0653

INTERNET: www.meltzerlippe.com

*Douglas L. Levine, Esq.*
*(516) 747-0200 ext. 183*
*dlevine@meltzerlippe.com*

*Video Conference Facilities*

November 29, 2011

**Via Electronic Filing & U.S. Mail**
Honorable Marilyn D. Go
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Calico Cottage, Inc. v. TNB, Inc.
             Civ. No. CV11-0336 (DLI)(MDG)

Dear Judge Go:

      This Firm represents Defendant TNB, Inc. ("TNB") in the above-referenced action. TNB submits this letter motion to request an Order compelling Plaintiff Calico Cottage, Inc. ("Plaintiff") to produce documents responsive to Requests 23-25 and 50 of TNB's Third Set of Document Demands ("Document Demands"), attached hereto as Exhibit A[1] Plaintiff has refused to produce documents responsive to those Requests, relying upon improper objections set forth in its Responses and Objections to TNB's Document Demands (Exhibit B) that are nothing more than an attempt to prevent TNB from obtaining documents that are critical to its counterclaims and to its defenses to Plaintiff's action. The parties' good faith efforts to resolve the disputes pursuant to Local Civil Rule 37.3 and Your Honor's November 23, 2011 Order have been unsuccessful and, accordingly, the Court's intervention is necessary.

## Requests 23-25

      Requests 23-25 of TNB's Document Demands seek documents concerning any recall of sugar products during the term of the Agreement. Specifically, Document Request 23 seeks "[a]ll documents and communications concerning any recall of sugar products or ingredients during the term of the Agreement." See Ex. A. Document Request 24 seeks "all documents and communications between Plaintiff and Cabela's concerning a recall of sugar products or ingredients during the term of the Agreement." See Ex. A. Document Request 25 seeks "[a]ll documents and communications between Plaintiff and any third party concerning a recall of sugar products or ingredients during the term of the Agreement." See Ex. A.

---

[1] Although certain additional document disputes have not been completely resolved, resolutions appear imminent and TNB will not burden the Court with those disputes at this time.



*Long Island's Business Law Firm* ℠

MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP

The requested documents are relevant and critical because Plaintiff refused to inform its customers that sugar products that Plaintiff used in its fudge mix and shipped to its customers were recalled because metal pieces were found in samples of the sugar; a fact that damaged Plaintiff's business relationship with its customers and directly concerns the causation element of Plaintiff's breach of contract claim against TNB. Specifically, on May 5, 2011, American Sugar Refining Inc. sent a recall notice to TNB and Plaintiff, stating that certain Nulofond and Nulofond Extra Fine sugar products were being recalled because small pieces of metal were found in the sugar. The notice, attached as Exhibit C, further stated "[p]lease immediately examine your inventory and quarantine product subject to recall" and "if you have further distributed or used this product, please identify your customers and take appropriate action." See Ex. C. TNB immediately notified its customers about the recall notice. Plaintiff failed to do so. This refusal to notify its customers about the recall notice damaged Plaintiff's relationship with at least one of its customers, Cabela's, who came forward and complained to Plaintiff. TNB does not know the extent to which other customers complained about this issue because Plaintiff has not allowed document discovery on this subject. Regardless, it is clear that Plaintiff's actions damaged Plaintiff's business relationships and documents evidencing this issue are relevant to Plaintiff's breach claims. While Plaintiff continues to insist that TNB's alleged entry into the fudge business and solicitation of its customers caused those customers to terminate their business relationships with Plaintiff, Plaintiff's refusal to inform those customers about metal pieces in products previously shipped to those customers is certainly another viable cause. Since Plaintiff is required to prove causation as an element of its breach of contract claim, the documents requested in Requests 23-25 are critical to Plaintiff's claim and should be produced.

After initially refusing to produce responsive documents concerning recall notices on the boilerplate grounds of irrelevancy, overbreadth and privilege, Plaintiff's counsel sent the undersigned an e-mail today (attached as Exhibit D) with several new improper objections. First, Plaintiff argued that responsive documents should not be produced because TNB breached the agreement at issue before the recall notice was issued. See Ex. D. That statement is not only incorrect, but is an issue for the Court to determine and is not a proper basis for withholding responsive documents. Second, Plaintiff claimed that TNB hasn't demonstrated that customers stopped purchasing from Plaintiff due to issues with any recall notice. See Ex. D. TNB is not required to prove this claim before obtaining responsive documents, especially in light of the fact that it is the responsive documents themselves that will help prove that claim. Finally, Plaintiff claims that the documents are irrelevant because Cabela's continues to purchase from Plaintiff and has ceased purchasing from TNB. See Ex. D. Whether Cabela's continues to purchase from Plaintiff or not has absolutely nothing to do with the cause of its initial decision and the alleged decision of other customers to terminate business relationships with Plaintiff. In fact, Cabela's alleged decision to renew its relationship with Plaintiff shortly after terminating the relationship is actually more relevant to a separate critical question: what damages has Plaintiff suffered from any alleged breach by TNB? If Plaintiff did not lose one of its largest customers who Plaintiff specifically identified in the Complaint as a customer improperly targeted by TNB, its already tenuous assertion that it satisfied the diversity jurisdiction monetary threshold in this action becomes even more questionable. While that issue will not be resolved by this motion, in light of Plaintiff's failure to provide a valid basis for refusing to produce documents responsive to

MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP

Requests 23-25, which are critical to Plaintiff's breach of contract claim, this Court should Order Plaintiff to produce responsive documents without further delay.

### Request 50

Request 50 seeks documents concerning Plaintiff's use of a TNB-related website. See Ex. A. Specifically, Request 50 seeks "[a]ll documents and communications concerning Plaintiff's use of the following website: http://www.nuttyb.co.nz/index.php/home.html." See Ex. A. TNB stands for "The Nutty Bavarian" - - the tradename under which TNB does business-- and Plaintiff's improper use of a website or domain name with the word "nuttyb" would constitute a breach of the agreement at issue in this case and a violation of the Lanham Act, including its cyberpiracy provisions. During discovery, Plaintiff produced an e-mail dated March 2, 2011 from its President, Mark Wurzel, to various officers, directors and employees of Plaintiff which clearly evidences the following facts: Plaintiff's distributor in Australia/New Zeland created the TNB-related website http://www.nuttyb.co.nz/index.php/home.html, Mr. Wurzel was aware of it and he directed various officers and employees of Plaintiff to review it.[2] Since Plaintiff and its distributor are not related to or in any way affiliated with TNB, the creation of and use of this website may constitute a breach of the agreement at issue and a violation of the Lanham Act. Any documents concerning Plaintiff's use of this website are, accordingly, relevant to TNB's counterclaims against Plaintiff and to TNB's defenses to Plaintiff's claims and must be produced pursuant to Fed. R. Civ. P. 26(b)(1).

Plaintiff has, nevertheless, refused to produce responsive documents, initially asserting several boilerplate objections that the Request is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. See Ex. B. Today's e-mail from Plaintiff's counsel advanced new objections. See Ex. D. Plaintiff's first new argument alleges that Plaintiff does not use or own the above-referenced domain name (See Ex. D.), an allegation that is patently false in light of Mr. Wurzel's March 2, 2011 e-mail directing Plaintiff's officers and employees to use the website. Plaintiff's second new argument states that, while the domain name "may" be owned by Calico Cottage Fudge Systems Pty Ltd., a company that distributes Plaintiff's products, Plaintiff does not control the distributor and, consequently, cannot produce responsive documents. See Ex. D. Whether or not this distributor is controlled by Plaintiff will be determined during the course of this action. However, Plaintiff's alleged inability to control the distributor does not preclude Plaintiff from producing responsive documents that are in Plaintiff's control. Mr. Wurzel certainly knew about the creation of the website and directed Plaintiff's directors and officers to use it and any responsive documents in Plaintiff's possession should be produced. Furthermore, Plaintiff clearly maintains a business relationship with the distributor and should expend reasonable efforts to cause the distributor to produce responsive documents as well. Consequently, TNB requests an Order from this Court directing Plaintiff to produce documents responsive to Request 50 of TNB's Document Demand and to expend reasonable efforts to cause Plaintiff's distributor to produce documents responsive to that Request as well.

---

[2] Since Plaintiff improperly marked this document "Highly Confidential Attorneys' Eyes Only", TNB cannot attach the document to this motion without filing it under seal.

MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP

Thank you for your attention to this matter.

Respectfully submitted,

Douglas L. Levine (dl-4920)

DLL:tc
cc:   Lloyd McAulay, Esq.
      Cowan, Liebowitz & Letman, P.C.
      *Attorneys for Plaintiff*
      1133 Avenue of the Americas
      New York, New York 10036
      (212) 790-9200